24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frank Byron Willard DAVIDSON, Petitioner-Appellant,
v.
STATE OF OREGON; Manfred Maass, Superintendent, Oregon
State Penitentiary, Respondents-Appellees.
 No. 93-35231.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Byron Willard Davidson, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Davidson contends that he received ineffective assistance of counsel at trial because his attorney had a conflict of interest. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Davidson concedes that he procedurally defaulted on his ineffective assistance of counsel claim by failing to raise it in his post-conviction proceedings in state court. Because of this procedural default, "federal habeas review of the claim[ ] is barred unless [Davidson] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 4
 Davidson argues that the cause of his procedural default was the ineffective assistance rendered by the attorney who represented him in the state post-conviction proceedings. This argument fails. Davidson had "no constitutional right to an attorney in state post-conviction proceedings." See id. at 2566 (citing Pennsylvania v. Finley, 481 U.S. 551 (1987); Murray v. Giarratano, 492 U.S. 1 (1989)). Therefore, "any attorney error that led to the default of [Davidson's] claims in state court cannot constitute cause to excuse the [procedural] default in federal habeas." See Coleman, 111 S.Ct. at 2568.
 
 
 5
 Moreover, ineffective representation during post-conviction proceedings cannot constitute cause for a procedural default even "where state collateral review is the first place a petitioner can present an effective constitutional challenge to his or her conviction; for example, where a state permits ineffective assistance claims to be brought only in post-conviction proceedings." Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir.1993). Accordingly, ineffective representation by his post-conviction attorney cannot constitute cause for Davidson's default, despite the fact that Oregon state law required him to raise his claim of ineffective representation by trial counsel in post-conviction proceedings rather than direct appeal. See id. at 429-430. Davidson's argument that Oregon law required that he be represented by competent counsel during his state post-conviction proceedings also is unpersuasive. See id. at 430-431 (attorney ineffectiveness can establish cause for procedural default only in situations where federal constitutional principles mandate that states provide counsel; state law is not relevant). Because Davidson has not demonstrated cause to excuse his default, we cannot consider the merits of his claim that his trial counsel had a conflict of interest. See Coleman, 111 S.Ct. at 2565.[1]
 
 
 6
 In the alternative, Davidson contends that review of his claim is required to prevent a fundamental miscarriage of justice. The Supreme Court has made clear that this exception to the cause and prejudice requirement is extremely narrow. Sawyer v. Whitley, 111 S.Ct. 2514, 2518-19 (1992). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478, 496 (1986). Because Davidson has made no showing of actual innocence, the "fundamental miscarriage of justice" exception is inapplicable. See id. Accordingly, we affirm the district court's judgment.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Davidson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, because Davidson cannot establish cause, we need not reach the issue of actual prejudice. See Thomas v. Lewis, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991)
 
 
 [2]
 Because the district court could not reach the merits of Davidson's claim, the court did not err by denying his request for an evidentiary hearing