28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Howard KETCHUM, Petitioner-Appellant,
v.
Charles RYAN, Warden; Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 93-16401.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1994.*
Decided July 8, 1994.
 
 1
 Before: WALLACE, Chief Judge, BROWNING, Circuit Judge, and TURRENTINE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 I.
 
 3
 "A jury may infer the intent to distribute a controlled substance from quantity alone." United States v. Innie, 7 F.3d 840, 844 (9th Cir.1993). Ketchum was caught with over 31 grams of cocaine, enough for about 1,200 doses. The jury heard testimony that most narcotics consumers who purchase drugs for personal use buy one gram or less. In addition, the jury heard testimony from those who were with Ketchum when he was arrested that he owned all 31 grams of cocaine. On this evidence, a rational jury could infer Ketchum's intent to sell.[1] See United States v. Stewart, 770 F.2d 825, 832 (9th Cir.1985) (holding that possession of 25.37 grams of cocaine found with common dilutant constituted sufficient evidence of intent to sell).
 
 II.
 
 4
 If the trial court erred when it refused to allow Ketchum to cross-examine Posocco regarding his past activities as a police informant, the error was harmless. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (holding that the harmless error standard for trial defects is "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict' ") (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Defense counsel vigorously cross-examined Posocco. Defense counsel brought out that Posocco was jailed pending trial for kidnapping and fraudulent theft; that the police had approached him, questioned him, and asked him to testify against Ketchum; that he was arrested earlier the same year in Phoenix; that he had charges pending against him in New Hampshire; and that he had served about six days in jail "back east." It was obvious to the jury that Posocco was an informant in this case, and that Posocco was a less than stellar citizen. Posocco also admitted that he had known the investigating officer prior to this case, and the defense elicited testimony that prison informants typically expect favorable treatment. Finally, Posocco's testimony was not critical to the prosecution's case, since two other witnesses testified to the same facts.
 
 III.
 
 5
 The prosecutor's statement to the jury regarding the drug problem in Flagstaff was proper. The jury was not likely to believe Ketchum was the sole source of all problems associated with narcotics in Flagstaff. The comment was relevant to Ketchum's intent to sell the cocaine, the seriousness of the charges, and the gravity of the drug problem. See Guam v. Ignacio, 852 F.2d 459, 462 (9th Cir.1988) (approving prosecutor's argument that the people of Guam were victimized by defendants' misappropriation of public funds allocated to combat heroin problem).
 
 IV.
 
 6
 The Arizona Court of Appeals ruled Arizona's enhancement statute permits the use of a conviction regardless of its vintage. Federal courts cannot second guess the state court on this issue. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989) (refusing to address sentence enhancement claim).
 
 
 7
 Ketchum attempts to raise, for the first time in any court, a facial challenge to the enhancement statute. Ketchum argues this has always been the gravamen of his argument. However, far from challenging the constitutionality of the statute in his habeas petition, he mentions the statute only for the purpose of conceding that it provides for enhancement. His petition for review to the Arizona Supreme Court makes no reference to the statute at all. No court in which he has presented his claim has construed it as a facial challenge to the statute. Since the challenge was not raised below, we do not address it.[2] Bonin v. Vasquez, 999 F.2d 425, 431 (9th Cir.1993).
 
 V.
 
 8
 Ketchum was not denied a fair trial because the trial court "rejected" the use of a tape recording to impeach a police officer. The trial court granted defense counsel's request to play the tape to the witness to refresh the witness's memory. Defense counsel then preceded to cross-examine the police officer on the subject matter of the tape. Since the tape was of such poor quality, the trial court offered to have it transcribed, and defense counsel rejected the offer. Defense counsel did not move the tape into evidence and fails to identify any decision of the trial court that restricted use of the tape in any way.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Howard B. Turrentine, Senior Judge, United States District Court for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ketchum claims that the evidence is insufficient because cocaine was not shown to be a narcotic. Cocaine is a narcotic by law in Arizona. Ariz.Rev.Stat.Ann. Sec. 13-3401(5), (17z)
 
 
 [2]
 Ketchum also contends that there was insufficient evidence to establish that he committed the 1971 burglary used to enhance his sentence. Documentary evidence indicates the burglar's name was John Wesley Ketchum, while petitioner Ketchum asserts his middle name is Howard. A rational trier of fact could have discounted the discrepancy. The birthdate and social security number of the convicted burglar matched those of Ketchum, and the jury was provided the convicted burglar's picture