47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali PERTSONI, Petitioner-Appellant,
v.
Daniel VASQUEZ, Warden, Respondent-Appellee.
 No. 94-15527.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ali Pertsoni, a California state prisoner, appeals the district court's dismissal of his third 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for first-degree murder. The district court dismissed the petition as an abuse of the writ. We review for abuse of discretion. See Cambell v. Blodgett, 997 F.2d 512, 515 (9th Cir.1992); cert. denied, 114 S.Ct. 1337 (1994). We affirm.
 
 
 3
 The facts and prior history of this case were set forth in a previous appeal. Pertsoni v. Ylst, 91-15283, unpublished memorandum decision (9th Cir.1992), cert. denied, 113 S.Ct. 3008 (1993). The instant petition, which included new claims not previously presented to the district court, constitutes an abuse of the writ for the reasons stated by the district judge in her Memorandum and Order of March 3, 1994. See McCleskey v. Zant, 499 U.S. 467, 493-95 (1991).
 
 
 4
 Pertsoni argues that the abuse of the writ standard set forth in McCleskey should not be applied because his previous petitions were brought before McCleskey was decided. Because the inexcusable neglect standard set forth in McCleskey did not create a new rule, that standard applies despite the fact that Pertsoni's previous petitions predated McCleskey. See Harris v. Vasquez, 949 F.2d 1497, 1512 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992).
 
 
 5
 We also reject Pertsoni's argument that the district court, sua sponte, should have construed Pertsoni's third habeas petition as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) and to add his new claims to his original petition. A Rule 60(b) motion following entry of final judgment in a habeas proceeding is subject to the same cause and prejudice standard as a subsequent petition. Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir.1993). Thus, even if the district court had an obligation to consider, sua sponte, construing Pertsoni's habeas petition as a Rule 60(b) motion, it would be compelled to deny relief under the McCleskey standard.
 
 
 6
 The district court committed no error by directing the respondent to file a motion to dismiss for abuse of the writ. See 28 U.S.C. Sec. 2254, Rules Governing Sec. 2254 Cases, Rule 4; see also McCleskey, 499 U.S. at 477 (government has burden of pleading abuse of the writ). Nor did the court abuse its discretion by failing to appoint counsel to respond to the motion to dismiss. See Bonin, 999 F.2d at 429.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3