86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kirk Elliott CASE, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 95-35798.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided May 20, 1996.
 
 1
 Before: GOODWIN and SCHROEDER, Circuit Judges, ARMSTRONG, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Case appeals dismissal of his petition for habeas corpus relief contending that his due process rights were violated by the decision of the Oregon Board of Parole and Post-Prison Supervision ("the Board") to defer his parole for 24 months. Case admits that he failed to present this claim during his state appeal of the Board's decision, but argues that his appellate counsel was ineffective, and that this ineffectiveness constitutes cause to excuse his procedural default.
 
 
 4
 The Supreme Court has clearly held that mistakes committed by a petitioner's attorney do not constitute cause under the Wainwright v. Sykes, 433 U.S. 72 (1977), standard unless those mistakes constitute a violation of petitioner's right to counsel. Where there is no right to counsel, attorney error cannot constitute cause. Coleman v. Thompson, 501 U.S. 722, 755-57 (1991).
 
 
 5
 A defendant has the right to effective assistance of counsel in his first appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985). However, the State is not required to provide counsel in state discretionary appeals. Ross v. Moffitt, 417 U.S. 600 (1974). Further, "the protections of the Sixth Amendment right to counsel do not extend to either state collateral proceedings or federal habeas corpus proceedings." Bonin v. Vasquez, 999 F.2d 425, 430 (9th Cir.1993).
 
 
 6
 Case had no right to counsel on appeal of the parole board's decision. Accordingly, the ineffectiveness of Case's counsel during that appeal cannot constitute cause to excuse his procedural default.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3