91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie Earl STEPHEN, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-56431.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided July 24, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 California state prisoner Jimmie Earl Stephen appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction and sentence for second-degree murder. We affirm.
 
 1. Evidentiary Hearing
 
 4
 " 'A habeas petitioner is entitled to an evidentiary hearing to a claim if (1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts.' " Rice v. Wood, 44 F.3d 1396, 1403 (9th Cir.1995), opinion vacated in part on other grounds, 77 F.3d 1138 (9th Cir.1996) (en banc). A hearing is not required, however, for "allegations that are 'conclusory and wholly devoid of specifics' " or "on issues that can be resolved by reference to the state court record." Campbell v. Wood, 18 F.3d 662, 679 (9th Cir.) (en banc) (citation omitted), cert. denied, --- U.S. ----, 114 S.Ct. 2125, 128 L.Ed.2d 682 (1994).
 
 
 5
 On the record at hand, all of the issues could be decided without an evidentiary hearing. The district court did not err when it denied one.
 
 2. State Court Record
 
 6
 Nothing in the petition sheds light upon or supports Stephen's suggestion on appeal that the state court record was incomplete. Stephen's state habeas petition alleged that Judge Sottile "on notice of appeal on 4-10-91 denied any and all records to augment on appeal with malice and verified this with signature .. denying all constitutional rights." Like the government we construe Stephen's argument in his brief to be one attacking the completeness of the state record. Stephen did not raise this challenge in his federal habeas petition; nor does the district court docket reveal that any motion to supplement the record was made. Thus, we will not consider the issue on appeal. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994) (per curiam).
 
 
 7
 We recognize that the district court must order missing parts of the record if they are needed in order to make an "intelligent decision" on the petitioner's claims. See Reiger v. Christensen, 789 F.2d 1425, 1435 & n. 7 (9th Cir.1986). However, it does not appear that Stephen raised the argument before the district court. Moreover, Stephen does not explain what documents he is talking about; he certainly does not indicate how these documents are "crucial" to his claims; thus no error follows from their absence, if absent they are. See id. at 1435 n. 7. Moreover, assuming that by prior conviction documents he is referring to the prison record packets, nothing he says indicates that their presence was crucial to the district court's determination.
 
 
 8
 3. Ineffective Assistance of Appellate Counsel
 
 
 9
 We will not address claims on appeal that were not presented to the district court in the habeas petition. See Morgan, 24 F.3d at 52.
 
 
 10
 Stephen argues that his "appeal attorney" failed to " 'raise' all 'viable' 'issues['] on 'first appeal.' " Mr. Goodwin was Stephen's attorney on appeal. Stephen's habeas petition only challenges the conduct of Mr. Kessel, his trial attorney, and Mr. Hentell, his pretrial attorney. Thus, Stephen waived any challenge to Mr. Goodwin's legal representation.
 
 4. Appointment of Habeas Counsel
 
 11
 The district court has discretion to appoint counsel for a financially eligible defendant if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The district court did not abuse its discretion when it refused to appoint counsel for Stephen. The issues were not of a kind that demanded attorney representation in order to avoid a violation of due process and no evidentiary hearing was required. The issues had been greatly clarified in state court proceedings and became even more clear from the papers filed with the district court. See Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir.1993); Terronova v. Kincheloe, 912 F.2d 1176, 1182 (9th Cir.1990), cert. denied, 499 U.S. 979, 111 S.Ct. 1631, 113 L.Ed.2d 726 (1991); LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987). In addition, the district court applied less stringent standards to Stephen's papers by liberally construing them. See Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984).
 
 5. Speedy Trial
 
 12
 On appeal, Stephen challenges only Mr. Hentell's pretrial representation by claiming that Hentell waived time for discovery and abandoned Stephen from August 18, 1989 on because " 'Hentell' knew prosecutor Lacy didn't have a case." In his petition, Stephen only challenged the speed of the performance by Mr. Kessel, his trial attorney. The district court rejected that argument. Thus, on appeal, Stephen cannot attack his conviction on grounds that Hentell caused a violation of his speedy trial rights because that issue was not raised before the district court. See Morgan, 24 F.3d at 52.[1] On the other hand, he does not raise the issue about Kessel on appeal.
 
 6. Showup at Preliminary Hearing
 
 13
 In his petition Stephen argued that the presence of two prosecution witnesses in the courtroom at the beginning of Stephen's preliminary hearing while Stephen was also present violated both his due process rights and constituted ineffective assistance of counsel. The district court rejected the argument on due process grounds. On appeal, however, Stephen only challenges the occurrence on ineffective assistance of counsel grounds. We reject this challenge.
 
 
 14
 The record reveals that immediately after the prosecution called its first witness at the preliminary hearing, Mr. Hentell moved to exclude all other witnesses, which was granted by the court. The first witness was sworn in; the court then noted for the record that the prosecution's other two witnesses had left the courtroom. There is no indication whatsoever of a deficient performance by Mr. Hentell. The events do not implicate a show up of any kind, suggestive or otherwise. At most "this is a situation in which, by happenstance and the circumstances of [the preliminary hearing], the [ ] witness[es] confronted the defendant." United States v. Freie, 545 F.2d 1217, 1224 (9th Cir.1976) (per curiam), cert. denied, 430 U.S. 966, 97 S.Ct. 1645, 52 L.Ed.2d 356 (1977). Moreover, this was not a true identification case; no one was able to identify the person who fired the shot.
 
 7. Review of Other Determinations
 
 15
 We have specifically discussed the above issues because they were not before the district court or were not clearly decided by that court. We affirm on the remaining issues for the reasons thoroughly and correctly outlined in the July 21, 1995 Report and Recommendation of magistrate judge Virginia A. Phillips which was approved by the district court on August 18, 1995.[2]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note also that scattered throughout Stephen's briefs are other new issues not presented in his petition before the district court. For example, Stephen claims that jurors should not have been allowed to go Christmas shopping and that a juror violated her oath. We decline to consider those issues because they, too, cannot be raised on appeal for the first time
 
 
 [2]
 We add just one caveat: Stephen raised an issue about a box of bullets. The district court took that to be a claim that the box had been suppressed in its entirety. We observe that his claim was also that bullets which were missing from the box must have been suppressed. However, there was no evidence of suppression and his mere assertion is insufficient. At any rate, if there were an error, it was harmless. See Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, ?23 L.Ed.2d 353 (1993)