127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel J. TUCKER, Jr., Petitioner-Appellant,
v.
Larry KINCHELOE, Superintendent for the Spring Creek
Correctional Center; Margaret M. Pugh,
Commissioner of Corrections,
Respondents-Appellees.
 No. 97-35063.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 8, 1997.**
Filed Oct. 16, 1997.
 
 Appeal from the United States District Court for the District of Alaska, D.C. No. CV-96-00205-JWS; John W. Sedwick, District Judge, Presiding.
 Before WRIGHT, SKOPIL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Samuel Tucker, Jr. appeals the dismissal of his habeas petitioner, arguing that the district court was wrong in concluding that his claims are procedurally defaulted because his attorney did not file for discretionary review of those claims in the Alaska Supreme Court. Ineffectiveness of counsel in collateral proceedings cannot, however, excuse procedural default; there is no constitutional right to effective assistance of counsel in habeas proceedings. See Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir.1996), cert. denied, 116 S.Ct. 980 (1996).
 
 
 3
 Tucker frames his argument, however, as one of due process, arguing that (1) the state has a constitutional mandate to provide meaningful access to court; (2) the state: chose to satisfy this mandate by supplying his counsel; (3) counsel violated his due process rights by failing to file a timely petition for review; and (4) because his state-funded attorney caused the procedural default, the state cannot bar him from litigating his claims in federal court. We do not agree with Tucker's conclusion that his claims are not barred.
 
 
 4
 In Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir.1993), we specifically rejected petitioner's argument that because state law required competent counsel for state post-conviction proceedings and the state provided a public defender, that "the state must bear the cost of any resulting default." Id. at 430. Similarly, in Moran v. McDaniel, 80 F.3d 1261, 1271 (9th Cir.1996), we reiterated that one "may not avoid our holding that a petitioner is not entitled to effective assistance of counsel during habeas proceedings by alleging a due process, rather than a Sixth Amendment, violation." Finally, we recently rejected the argument "that a finding of cause can attach to ineffective assistance of [post conviction relief] counsel if that counsel is appointed by the State." Poland v. Stewart, 117 F.3d 1094, 1106 (9th Cir.1997). Tucker's argument is foreclosed by these cases. We accordingly affirm the district court's dismissal of his habeas petition.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3