**Mitchell Wayne DOGAN, Petitioner–Appellant,**

v.

**Ernie ROE, Warden, Respondent–Appellee.**

No. 99–17571.

D.C. No. CV–98–01081–FCD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 2000.

Decided March 30, 2001.

Before REINHARDT, LEAVY and SILVERMAN, Circuit Judges.

## MEMORANDUM*

California state prisoner, Mitchell Wayne Dogan, appeals the district court's order dismissing as untimely his petition for a writ of habeas corpus. We have jurisdiction over this timely appeal under 28 U.S.C. § 2253(c) and, after de novo review, we affirm.

## ANALYSIS

### 1. *Timeliness of Federal Petition.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposed, for the first time, a one-year statute of limitations for state prisoners filing federal petitions for habeas corpus. For prisoners like Dogan, whose convictions had become final before passage of the AEDPA, the one-year limitations period began when AEDPA took effect and expired one year later, unless it was tolled. *See Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

■ Dogan contends that his attorney mailed his first petition on April 14, 1997, though the record reflects that the petition was not filed in Superior Court until April 24, 1997. Even assuming that the state petition was filed on the earlier date and that it served to toll AEDPA's statute of limitations under 28 U.S.C. § 2244(d)(2), Dogan's federal petition was nevertheless untimely. The California Supreme Court denied Dogan's final state habeas petition on April 28, 1998, and any tolling of the statute of limitations would have ended then. Dogan would then have had approx-imately 10 days within which to file a habeas petition. He did not file the instant petition until June 11, 1998, more that four weeks after the statute of limitations would have expired. Accordingly, the district court did not err in dismissing Dogan's habeas petition as untimely.

Relying on 28 U.S.C. § 2244(d)(1)(D), Dogan also argues that the statute of limitations did not begin to run until "sometime in December 1996," when he discovered the factual predicate of his claim. Section 2244(d)(1)(D) provides that the one-year statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The factual predicate that Dogan asserts was not discovered until December 1996 was the existence of additional alibi witnesses who could have been called at trial. At Dogan's 1994 trial an alibi defense was offered and two alibi witnesses testified on Dogan's behalf. They testified to Dogan's presence in Stockton at a Labor day barbeque, to his leaving at 6 p.m., and to his arrival in Los Angeles at midnight at another party. The additional alibi witnesses either saw Dogan in Stockton at the Labor Day barbeque or at the party in Los Angeles. Thus, Dogan either knew of these witnesses at the time of his conviction or could have discovered their existence through the exercise of due diligence more than a year before he filed his first state petition, on April 24, 1997. Dogan failed to show either due diligence in discovering his claim or that discovery was prevented by any circumstances beyond his control. His petition was untimely filed.

### 2. *Constitutional Claims.*

■ Dogan asserts that § 2244's statute of limitations violates the Due Process,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Equal Protection, and Suspension Clauses of the United States Constitution. In *Green v. White,* 223 F.3d 1001, 1003–04 (9th Cir.2000), this court held that "[t]he one-year limitation does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling ... We therefore hold that the one-year limitation does not per se render the writ of habeas corpus inadequate or ineffective."

■ Dogan's federal due process argument is that § 2244 is fundamentally unfair because it requires inmates without legal training to comply with the limitations period. While there is no constitutional right to counsel on habeas, there is a right to due process. *Bonin v. Vasquez,* 999 F.2d 425, 429 (9th Cir.1993). The absence of counsel does not in and of itself constitute a due process violation. *Id.* To succeed in his argument, Dogan has to demonstrate independently that the proceedings violated his right to due process. Here, the statute of limitations is not so complex that it requires the assistance of counsel. Dogan had over one year, from March 13, 1996, the date his judgment of conviction became final, until April of the following year, to file his petition. Moreover, Dogan retained habeas counsel on November 11, 1996. Thus, six months prior to the expiration of the statute of limitations, Dogan no longer faced the circumstances that he asserts are fundamentally unfair.

■ Dogan also argues that the State of California's failure to appoint counsel in state habeas proceedings violated the equal protection clause of the United States Constitution. As noted above, Dogan retained habeas counsel on November

11, 1996. Thus, his argument lacks any basis in fact. Moreover, a criminal defendant has no constitutional right to counsel in pursuing state collateral review of a conviction. *Coleman v. Thompson,* 501 U.S. 722, 756–57, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

## CONCLUSION

The district court's dismissal of Dogan's petition is AFFIRMED.