**Jan J. WIDMER, Jr., Petitioner—Appellant,**

v.

**Brian BELLEQUE, Respondent—Appellee.**

No. 06–35797.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 26, 2007.

Anthony David Bornstein, Esq., FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Youlee Yim You, AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jan Widmer, an Oregon state prisoner, appeals the denial of his habeas corpus

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

petition under 28 U.S.C. § 2254 on the ground that his claims were procedurally barred. He contends that state post-conviction counsel's alleged errors in failing properly to investigate the case and in filing a "no-merit" brief in the Oregon Court of Appeals establish cause for his procedural default. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Because there is no constitutional right to counsel in post-conviction proceedings, post-conviction counsel's constitutional ineffectiveness is not considered cause for the purpose of excusing a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Custer v. Hill*, 378 F.3d 968, 974 (9th Cir.2004).

Widmer contends that due to post-conviction counsel's errors, counsel did not act in furtherance of the litigation, and therefore ceased to act as Widmer's agent. This contention is foreclosed by *Coleman*. *See* 501 U.S. at 753–54, 111 S.Ct. 2546 (1991) (holding that attorney error does not end agency relationship).

Widmer also contends that the state's failure to appoint "suitable counsel," as required by Or.Rev.Stat. § 138.590(4), makes the state responsible for his procedural default. This contention lacks merit because only a violation of the federal right to effective assistance of counsel amounts to cause. *See Bonin v. Vasquez*, 999 F.2d 425, 430–31 (9th Cir.1993).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.