NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL A. RAMIREZ, | No. 08-16579 |
| Plaintiff - Appellant, | D.C. No. 3:04-cv-00137-RLH |
| v. | |
| E.K. MCDANIEL, Warden, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Submitted October 19, 2010[**]

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Nevada state prisoner Miguel A. Ramirez appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] Ramirez has filed a request for oral argument. The request is denied because the panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ramirez challenges a disciplinary decision in which he was found guilty of assault and battery of another inmate. He contends that his due process rights were violated because the prison disciplinary committee did not make a determination of the credibility of the confidential informant. The committee found that the informant was reliable. The state supreme court's decision was not based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). The record also reflects that the state court's rejection of this claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Superintendent v. Hill*, 472 U.S. 445, 454-56 (1985).

Ramirez also contends that the district court should have held an evidentiary hearing to consider newly discovered evidence. The district court did not abuse its discretion by not holding an evidentiary hearing. *See Estrada v. Scribner*, 512 F.3d 1227, 1239 (9th Cir. 2008).

Ramirez further contends that the district court should have granted his motion to appoint counsel. The district court did not abuse its discretion because the case was not "so complex that due process violations [would have occurred] absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (order).

We construe Ramirez's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED**.