**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVIE J. STEVENSON,

        Plaintiff-Appellant,

  v.

JEFFREY BEARD, PHD: Secretary of
CDCR; SCOTT KERNAN,
Undersecretary/Secretary of CDCR;
SHANNON SWAIN, Acting
Superintendent of Education; RAYMOND
MADDEN, Warden, Acting Warden,
Centinela Prison; DENNIS BROWN,
Associate Warden Business Services; N.
TELLES, Litigation Coordinator CSP
Centinela; C. BELL, Mailroom Supervisor
CSP Centinela; PATRICIA COUCH; C.
WALKER, Mailroom Staff at Centinela
Prison; JOHN DOE, Mailroom Staff
member Centinela Prison; JANE DOE,
Mailroom Staff member Centinela Prison;
J. ROHRER, Senior Librarian CSP-
Centinela; MAILROOM STAFF,
Unknown mailroom staff member at
Centinela; R. MADDEN, Warden at
Centinela State Prison,

        Defendants-Appellees.

No. 22-56027

D.C. No.
3:16-cv-03079-TWR-WVG

MEMORANDUM*

---

    \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted September 12, 2024[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Stevie Stevenson appeals the district court's judgment in favor of the defendants in his prisoner civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Nonnette v Small*, 316 F.3d 872, 875 (9th Cir. 2002), and affirm.

The district court properly dismissed Stevenson's due process challenge to the 2015 changes in the law library as barred by res judicata in light of Stevenson's previous state court challenge to the changes. *See Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231-33 (9th Cir. 2014) (setting forth the California claims preclusion standards). Contrary to Stevenson's argument, the California Court of Appeals denied the prior claims in a reasoned decision on the merits by holding that Stevenson failed to demonstrate any actual injury. *See Amalgamated Bank v. Superior Ct.*, 57 Cal. Rptr. 3d 686, 697 (Ct. App. 2007) (noting that a summary

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

denial is a denial "without a statement of reasons."). "[R]easoned denials of California habeas petitions . . . have claim-preclusive effect." *Gonzales*, 739 F.3d at 1231 (emphasis deleted).

The district court properly dismissed the claim alleging that prison officials violated the First Amendment by opening mail from the state court. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (mail from the courts is not legal mail for purposes of the First Amendment).

Defendants were entitled to qualified immunity on the First Amendment claim related to the opening of two legal mail envelopes, which occurred in 2016. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (explaining that the law must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right.") (internal quotation marks omitted). *Hayes* was decided in 2017. Prior to *Hayes*, neither the Supreme Court nor this court had held that prisoners had a First Amendment right to be present when legal mail was opened. *Hayes*, 849 F.3d at 1208-09.

Summary judgment was proper on the Sixth Amendment claim because the Sixth Amendment right to counsel does not extend to state collateral proceedings. *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The district court properly granted summary judgment on the First Amendment retaliation claim because Stevenson failed to offer evidence that defendants Walker and Couch knew about Stevenson's grievance when they returned mail for lack of postage. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (although timing can infer retaliatory intent, there must be some evidence that the defendants "were actually aware" of the fact that the plaintiff engaged in the protected activity). Nor could defendant Bell be liable merely because she was a supervisor. *Corales v Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

Summary judgment was proper on the equal protection claim. Stevenson failed to offer sufficient evidence to establish that: (1) he was treated differently from other inmates who were similarly situated "in all material respects" and (2) the defendants irrationally treated him differently when they followed policy. *See SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122-23 (9th Cir. 2022) (setting forth the standard).

The district court properly granted summary judgment on the access to the courts claim. Stevenson failed to offer evidence of an actual injury to a nonfrivolous legal claim, that his inability to possess the CDs impeded his ability to file discovery motions or his habeas petition. *See Lewis v. Casey*, 518 U.S. 343, 353-54 (1996) (setting forth the standard). Undisputed evidence established that

Stevenson's appointed counsel filed discovery motions on his behalf and submitted the CDs and transcripts to the court. Moreover, Stevenson's investigator played the CDs for Stevenson at the prison, while Stevenson took notes.

Finally, the fact that the district judge ruled against Stevenson does not establish bias. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).

**AFFIRMED.**