68 F.3d 299
 95 Cal. Daily Op. Serv. 7407, 95 Daily Journal
D.A.R. 12,695
Jimmie Wayne JEFFERS, Petitioner,
v.
Samuel A. LEWIS, Director, Arizona Department of
Corrections, and Roger Crist, Warden, Arizona
State Prison, Respondents.
 No. 95-99019.
 United States Court of Appeals,
Ninth Circuit.
 Sept. 13, 1995.
 
 Frank P. Leto and Donald S. Klein, Assistant Pima County Public Defenders, Tucson, Arizona, for petitioner.
 Paul J. McMurdie, Chief Counsel, Attorney General's Office, Phoenix, Arizona, for respondents.
 Denise I. Young, Arizona Capital Representation Project, for the amicus curiae.
 Before WALLACE, Chief Judge, FLETCHER, FARRIS, PREGERSON, NORRIS, BEEZER, WIGGINS, JOHN T. NOONAN, THOMPSON, LEAVY and RYMER, Circuit Judges.
 
 ORDER
 
 1
 Jeffers, a prisoner awaiting execution in the State of Arizona, appealed from the district court's denial of his petition for writ of habeas corpus, motion to stay execution, and motion for appointment of counsel. A panel of this court granted Jeffers's motion to stay his execution. We have taken this case en banc and now vacate the panel's opinion and lift the panel's stay of execution.I
 
 
 2
 Contrary to the panel's holding, this court's decision in Bonin v. Vasquez, 999 F.2d 425 (9th Cir.1993) (Bonin ), controls the outcome in this case. Bonin answered a question left open in Coleman v. Thompson, 501 U.S. 722, 755, 111 S.Ct. 2546, 2567-68, 115 L.Ed.2d 640 (1991); namely, whether a prisoner has a constitutional right to counsel in a collateral proceeding where that proceeding is the first place such a challenge could have been presented. Bonin specifically addressed and answered this question, and we face the same question in this case. Bonin held that a defendant has no Sixth Amendment right to counsel during his state habeas proceedings even if that was the first forum in which he could challenge constitutional effectiveness on the part of trial counsel. Bonin, 999 F.2d at 429. Bonin reasoned that granting a defendant the constitutional right to counsel at his first possible postconviction proceeding would necessarily grant him that same right in all subsequent postconviction proceedings. Id. We refuse to overrule the holding and reasoning in Bonin.
 
 II
 
 3
 Jeffers is also barred from raising his claims of ineffective assistance of counsel under McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Under McCleskey, the state first must establish Jeffers's prior writ history and specify the claim that appears for the first time in a second or subsequent petition for habeas corpus relief. McCleskey, 499 U.S. at 494, 111 S.Ct. at 1470. In the present case, the state has met this burden by demonstrating that Jeffers did not raise an ineffective assistance of counsel claim in his prior state or federal habeas petitions.
 
 
 4
 Once the state meets this burden, Jeffers must demonstrate "cause" for failing to bring the claim in the prior petition. Id. Whether cause exists requires a determination of
 
 
 5
 whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process....
 
 
 6
 Id. at 498, 111 S.Ct. at 1472.
 
 
 7
 Jeffers argues he was not previously able to assert his claims because he has been represented by counsel, ever since his direct appeal, who have a conflict of interest. Thomas E. Higgins and James W. Stuehringer represented Jeffers during trial. Stuehringer, Donald S. Klein, and Frank P. Leto represented him during his direct appeal, and Klein and Leto have represented him since that time in his habeas corpus proceedings.
 
 
 8
 The district court concluded that Klein and Leto were not prevented from raising Jeffers's ineffective assistance of counsel claims in his first habeas petition, because they did not represent him during trial and the imposition of the death sentence. We agree. Jeffers's first habeas petition was filed twelve years ago. There is no reason why Jeffers could not have asserted these claims at that time.
 
 
 9
 Jeffers has not demonstrated cause for his failure to assert his ineffective assistance of counsel claims in his first petition. The facts in support of his ineffective assistance claims were apparent and known at the time his first habeas petition was filed. Further, no new law has been developed which would support his claims of ineffective assistance of counsel, which was not in place at the time his first petition was filed.
 
 
 10
 Even though Jeffers cannot demonstrate cause for failing to raise his ineffective assistance of counsel claims at an earlier time, he may nonetheless avoid the bar set forth in McCleskey if he can demonstrate a "fundamental miscarriage of justice." McCleskey, 499 U.S. at 494-95, 111 S.Ct. at 1470. Jeffers has not met this standard.
 
 III
 
 11
 We vacate the panel's opinion filed September 12, 1995, and lift the panel's stay of execution.
 
 
 12
 WIGGINS, LEAVY and RYMER, Circuit Judges, concur in Parts I, II and III.
 
 
 13
 WALLACE, Chief Circuit Judge, concurs in Parts I and III.
 
 
 14
 FARRIS, BEEZER and THOMPSON, Circuit Judges, concur in Parts II and III.
 
 
 15
 FLETCHER, PREGERSON, NORRIS and NOONAN, Circuit Judges, dissent. Their separate dissent is filed with this order.
 
 
 16
 FLETCHER, PREGERSON, WILLIAM A. NORRIS, and NOONAN, Circuit Judges, dissenting from the order.
 
 
 17
 We dissent from the majority's order. For substantially the reasons stated in the three-judge panel's order granting a stay of execution to allow briefing and argument to the three-judge panel, we would stay Jeffers's execution so that the en banc panel can be properly briefed and hear argument.