76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Anthony RUPE, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 95-16041.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner Paul Anthony Rupe appeals pro se the district court's denial of his second habeas corpus petition brought under 28 U.S.C. § 2254. Rupe claims that his counsel was ineffective during his first habeas proceedings, that Brecht v. Abrahamson, 113 S.Ct. 1710 (1993) requires reevaluation of claims decided in his first habeas petition, and that the district court violated Rupe's due process rights by not staying further habeas proceedings pending appeal of his first petition. We have jurisdiction under 28 U.S.C. § 1291, 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 In his first habeas petition, Rupe alleged that false testimony and inadmissible hearsay were introduced at his trial, and that his counsel was ineffective. The district court, assuming the truth of Rupe's allegations, found that Rupe's trial was not fundamentally unfair nor would the result have been different absent the purported error, and denied relief on the false testimony and hearsay claims. The court, however, found that an evidentiary hearing was needed on the ineffectiveness of counsel claim, and appointed counsel for Rupe. Rupe then filed a notice of appeal and a pro se motion for stay of the evidentiary hearing pending appeal. Rupe's counsel thereafter informed the court that Rupe had abandoned the ineffectiveness claim requiring the evidentiary hearing.
 
 
 4
 In his second petition, Rupe claims that his counsel was ineffective in his first habeas proceeding because counsel "waived" the evidentiary hearing by informing the court that Rupe abandoned his ineffectiveness claim. Because Rupe had no constitutional right to the assistance of counsel in a § 2254 proceeding, Rupe's claim of counsel's ineffectiveness provides no basis for relief. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no constitutional right to counsel beyond first appeal of right); Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam) (no deprivation of right to effective assistance of counsel where no constitutional right to counsel exists); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986) (no constitutional right to counsel in § 2254 proceedings), cert. denied, 481 U.S. 1023 (1987); see also Jeffers v. Lewis, 68 F.3d 299, 300 (9th Cir.1995) (en banc) (no right to counsel in postconviction proceedings).
 
 
 5
 Rupe next contends that Brecht v. Abrahamson, 113 S.Ct. 1710 (1993), decided after his first habeas petition was denied, required that the district court conclude that errors at his trial compromised the integrity of the trial proceedings. Rupe's claim fails for two reasons. First, Brecht changed the standard of review of trial errors on collateral review to Rupe's detriment. Compare id. at 1722 ("less onerous" standard on collateral review requires petitioner to establish that error caused actual prejudice) with Chapman v. California, 386 U.S. 18, 24 (1967) (standard on direct review requires prosecution to prove that error was harmless beyond reasonable doubt). Second, Rupe does not allege facts in his second petition demonstrating that his is an "unusual case," involving "deliberate and especially egregious error of the trial type, or [trial error] that is combined with a pattern of prosecutorial misconduct." Brecht, 113 S.Ct. at 1722 n. 9. Accordingly, the district court properly determined that Brecht provided no basis for relief. See id.
 
 
 6
 Finally, Rupe contends that the district court erred by ignoring his pro se motion to stay the evidentiary hearing pending appeal of his first habeas petition. The district court, however, did not stay the evidentiary hearing because, after Rupe filed his pro se stay motion, Rupe's attorney informed the court that Rupe was abandoning the claim that required an evidentiary hearing. Under these circumstances, the district court did not violate Rupe's due process rights. Furthermore, any error that can be attributed to Rupe's counsel does not provide the basis for habeas relief. See Wainwright, 455 U.S. at 587-88; Jeffers, 68 F.3d at 300.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3