**John Allen COLEMAN, Petitioner,**

v.

**John IGNACIO, et al., Respondents.**

**No. CV–N–94–290–ECR.**

United States District Court,
D. Nevada.

Feb. 12, 1996.

Franny A. Forsman, FPD, Las Vegas, Nevada, for petitioner.

Rusty D. Jardine, Deputy Atty. Gen., Criminal Justice Division, Ely, Nevada, for respondents.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

John Allen Coleman (hereafter "Petitioner") filed a petition (# 2) pursuant to 28 U.S.C. § 2254 asserting three grounds for relief. Respondents thereafter filed a Motion to Dismiss (# 6) arguing that Petitioner's claims were procedurally barred. The court found procedural default, but appointed the Federal Public Defender to assist Petitioner in filing points and authorities addressing whether Petitioner could overcome the procedural bar by showing cause and prejudice (# 17). Points and authorities and the appropriate responses have now been filed by both parties.

### I. PROCEDURAL BACKGROUND.

Petitioner pled guilty and was convicted of a single count of sexual assault. (# 6 at Exh. D). He was represented at the proceedings by the Clark County Public Defender. Petitioner was sentenced to life with the possibility of parole on December 5, 1989. Judgment was entered on December 11, 1989. State procedure foreclosed a direct appeal of the conviction.

Approximately four months after his conviction, Petitioner sent a letter to counsel, Morgan Harris, of the Clark County Public Defenders Office. (# 6 at Exh. G). In the letter, Petitioner requested that the public defender either withdraw from representing him and forward to him "all papers, documents, transcripts, police reports, and lab tests" pertinent to his case, or, file a petition for post-conviction relief on his behalf raising the following issues: (1) that his plea was involuntary; (2) that he was not advised of the range of punishment; (3) that he was racially discriminated against in the sentencing process; (4) that he was ignorant to the proceedings [sic]; (5) that he was denied the effective assistance of counsel; and (6) that

the court failed to advise him of his constitutional rights. Consequently, the public defender's office moved to withdraw on the basis of Petitioner's allegation of ineffective assistance of counsel due to a conflict of interest. (# 6 at Exh. G). A hearing was held and the court granted the motion and dismissed the public defender as counsel of record. (# 6 at Exh. H). The transcripts indicate that Petitioner was not present. (# 23 at Exh. 1). While the court's minutes reflect that Mr. Thompson informed the court that Petitioner was requesting substitute counsel, there is no discussion or resolution of the request in the record. (# 23 at Exh. 1). *See also* Affidavit of Michael Gardner (# 23 at Exh. 1) (stating that no substitute counsel was appointed).

After the public defenders office was dismissed, two additional hearings were held on motions filed by Petitioner. It does not appear from the record that Petitioner was ever advised in advance that hearings were to be conducted. Thus, Petitioner was not present at either of the hearings and they were conducted *ex parte*. The order from the first hearing, regarding Petitioner's motion to proceed *in forma pauperis* and motion for transcripts, indicates that Petitioner was represented by Deputy Public Defender Robert Thompson, even though the same judge had previously dismissed the public defender's office. (# 6 at Exhs. H and I).[1] The transcript from the second hearing, regarding Petitioner's motion to compel judgment, indicates that after deputy public defender James Gubler informed the court that his office had previously been dismissed, the court proceeded to hear argument from the district attorney and then denied Petitioner's motion. (# 23 at Exh. 1).

It also does not appear that Petitioner was ever advised of the court's decisions in a timely fashion. This is evidenced by Petitioner's Motion for Transcripts, which stated that he had not been advised whether counsel had been permitted to withdraw. (# 6 at Exh. E). The lack of timely notice is further evidenced by the fact that Petitioner filed a

motion to compel judgment on his motion for transcripts more than a month after the court had conducted the hearing. (# 6 at Exh. M). It is important to note, that in each of his pro se motions, Petitioner attempted to raise the issue of ineffective assistance of counsel. Clearly, Petitioner was attempting to challenge his conviction in a timely manner, albeit in improper form.

In March of 1991, one year and three months after his conviction was entered, Petitioner filed a Petition for Post–Conviction Relief in the Eighth Judicial District. (# 6 at Exh. J). The district court dismissed the petition as untimely. (# 6 at Exh. O). Petitioner filed a Motion to Reconsider the dismissal which was denied. (# 23 at Exh. 4). The order dismissing the petition was affirmed by the Nevada Supreme Court on appeal. (# 6 at Exh. O). A Notice of Entry of Order was thereafter sent to Petitioner. (# 6 at Exh. L).

Two months later, Petitioner filed a second state post-conviction petition, but this time in the First Judicial District, raising the same issues as were raised in the initial post-conviction petition. (# 6 at Exh. P). The district court dismissed the petition as successive. (# 6 at Exh. S). The Nevada Supreme Court affirmed the ruling on appeal and noted that Petitioner had not shown cause and prejudice to excuse his delay in filing the original petition. (# 6 at Exh. T).

Petitioner filed the pending federal habeas petition in May 1994. The petition raises three grounds for relief: (1) the denial of effective assistance of trial counsel; (2) denial of the right to judicial review of a conviction by the trial court's refusal to provide transcripts; and (3) the unwarranted summary dismissal of the habeas petition without an evidentiary hearing. Respondents filed a motion to dismiss the federal petition as procedurally barred since the state court dismissed the habeas petition as untimely. This court became concerned that cause and prejudice might exist because it appeared that Petitioner was never appointed substitute counsel for the state post-conviction proceed-

---

1. The minutes indicate, however, that Petitioner was represented by Marcus Cooper. The minutes do not indicate whether Mr. Cooper is private counsel or another representative of the public defender's office.

ings.[2] Therefore, the court issued an order (# 17) appointing the federal public defender and directing that points and authorities be filed on the issue of whether cause and prejudice existed to excuse Petitioner's procedural default.

## II. ORDER TO SHOW CAUSE AND PREJUDICE.

### A. *Exhaustion.*

Respondents argue in their Reply to Petitioner's Points and Authorities (# 24) that the issue of whether Petitioner had the right to counsel in his first state habeas petition is unexhausted. However, Respondents misconstrue this court's purpose in requiring the parties to brief the issue of whether there is a right to counsel in state collateral proceedings where the proceedings are the first forum in which a prisoner can raise any challenge to his conviction. The existence of such a right bears only upon whether Petitioner can show cause and prejudice excusing procedural default. This court's order specifically stated:

> In granting appellate counsel's motion to withdraw, the district court apparently did not afford Petitioner the opportunity to have substitute counsel appointed to assist him with his state petition for post-conviction relief. This raises the issue whether the failure to appoint counsel to assist Petitioner with his state post-conviction petition (or to obtain a waiver of such appointment) violated Petitioner's right to the equal protection of the law where Petitioner was indigent and the only means of challenging his conviction by plea was in state post-conviction proceedings. If so, the issue becomes whether the failure to appoint counsel or to obtain a waiver establishes cause and prejudice for the failure to timely comply with state procedural rules.

(# 17 at p. 9). Petitioner has not raised the right to counsel issue as a ground for relief nor does the court so construe the petition.

Therefore, the exhaustion doctrine does not apply.

### B. *Cause and Prejudice.*

 Where the state's highest court has declined to reach the merits of a claim on procedural grounds, a federal court is permitted to entertain such claims only upon a showing of "actual cause" and "prejudice". *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986); *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982). To demonstrate "cause" for procedural default, a Petitioner must present reasons for failing to comply with the state's procedural rules. In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some *objective factor external to the defense* impeded ... efforts to comply with the state procedural rules." *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645. (emphasis added). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* See also *Buffalo v. Sunn,* 854 F.2d 1158, 1163 (9th Cir.1988).

 Assuming a Petitioner can show cause for his procedural default, he also must show prejudice arising from the alleged constitutional errors. Petitioner must show "not merely that the errors of the trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1595–96, 71 L.Ed.2d 816 (1982) (emphasis in original). In essence, to show actual prejudice on the basis of his claims, Petitioner must demonstrate that the alleged errors so infected the trial or entry of plea that the resulting conviction violated due process. *Id.* Prejudice is presumed when an attorney's deficient performance results in an "actual or constructive denial of the assistance of counsel altogether[.]" *See Strickland v. Washington,*

**2.** The court indicated that under *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), Petitioner may have been entitled to the appointment of counsel since the post-conviction proceeding was essentially the first appeal as of

right. However, the court reserved any decision on this issue since the record was insufficient to determine whether Petitioner was afforded the opportunity to have substitute counsel appointed to assist him with the post-conviction petition.

466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *accord Lozada v. Deeds,* 964 F.2d 956, 958 (9th Cir.1992) (stating that prejudice is presumed if a petitioner can show that counsel's failure to file a notice of appeal was without the client's consent).

### 1. *Right to Counsel.*

■ In this case, Petitioner argues that cause and prejudice should be presumed because Petitioner was denied counsel altogether on his first appeal as of right. The merits of such a claim turns upon whether Petitioner in fact had the right to counsel on his first habeas petition.

In *Douglas v. California,* 372 U.S. 353, 355, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963), the Supreme Court established that indigent defendants are entitled to the appointment of counsel on their first appeal as of right. The Court reasoned that the type of appeal a person gets should not hinge upon whether he can pay for the assistance of counsel. *Id.* at 356, 83 S.Ct. at 816. The Court held that where the merits of the one and only appeal an indigent has as of right are decided without the benefit of counsel, an unconstitutional line has been drawn. *Id.* at 357, 83 S.Ct. at 816–17.

In *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991), the Supreme Court re-affirmed that there is no right to the appointment of counsel in state collateral proceedings or on *discretionary* appeals. However, the Court specifically left open the question of whether there is a constitutional right to the appointment of counsel to assist indigent prisoners in state collateral proceedings when state collateral review is the first forum in which a prisoner can present a challenge to his conviction. *Id.* at 754–756, 111 S.Ct. at 2567–68. In *Coleman,* the issue was whether there was a right to effective assistance of counsel on the *appeal* from a post-conviction proceeding

at which there *had been* counsel. Thus, the Court could not reach the question specifically reserved.

The Ninth Circuit purported to answer this question in *Bonin v. Vasquez,* 999 F.2d 425 (9th Cir.1993). In *Bonin,* the public defender sought reconsideration of the court's denial of his request to withdraw and for the appointment of new counsel.[3] In the request, the public defender argued that because of the potential conflict that would result from a finding of his ineffectiveness on the federal petition, he should be excused and new counsel appointed. In reconsidering counsel's request, the Ninth Circuit stated:

> The Public Defender apparently contends that Bonin had a Sixth Amendment right to counsel during his state habeas proceedings because that was the first forum in which he could allege constitutional ineffectiveness on the part of trial counsel. Coleman, however, does not "compel the conclusion" that such a right exists.

*Id.* at 429. The Ninth Circuit went on to state that there was a practical reason for their decision; that the result of finding such a right "would be the likelihood of an infinite continuum of litigation in many criminal cases." *Id.*

The Ninth Circuit recently reaffirmed *Bonin* in deciding *Jeffers v. Lewis,* 68 F.3d 299 (9th Cir.1995). In *Jeffers,* a death row inmate who had been represented by the same counsel from conviction, through sentencing, direct appeal and all collateral proceedings sought the appointment of conflict-free counsel to assist him in filing a habeas petition asserting the ineffectiveness of his trial counsel. Originally, a Ninth Circuit Panel granted a stay of execution on the grounds that *Bonin* was not controlling.[4] The stay of execution was, however, vacated by an *en banc* decision issued the following day. The Ninth Circuit reiterated its reason for hold-

---

**3.** The initial request had been made during the pendency of appeals from the district court's order denying federal habeas corpus relief.

**4.** *Jeffers v. Lewis,* 68 F.3d 299, 300 (9th Cir. 1995). The court found two distinctions that precluded application of *Bonin.* First, while Bonin was trying to allege that his counsel was

ineffective on the first habeas petition, Jeffers was attempting to allege the ineffectiveness of counsel at trial and on direct appeal. *Id.* at 300. Second, while Bonin never argued that counsel's ineffectiveness was, itself, the cause for the failure to raise his new claims earlier, Jeffers was so contending. *Id.*

ing that there is no right to counsel in a state collateral proceeding:

> [G]ranting a defendant the constitutional right to counsel at his first possible post-conviction proceeding would necessarily grant him that same right in all subsequent postconviction proceedings.

*Jeffers,* 68 F.3d at 300.

While *Bonin* and *Jeffers* indicate that there is no right to counsel in a state collateral proceeding, even when that proceeding is the first forum in which an indigent may challenge the effectiveness of counsel, this case is distinguishable. The petitioners in *Bonin* and *Jeffers* both had a first direct appeal as of right at which they were afforded counsel *and* a post-conviction petition at which they were afforded counsel. In this case, state law precluded Petitioner from bringing a direct appeal. *Bryant v. State,* 102 Nev. 268, 721 P.2d 364, 368 (1986) (holding that a defendant's one and only appeal of a conviction by entry of guilty plea or of the ineffectiveness of trial counsel is through state post-conviction proceedings).[5] Thus *Bonin* and *Jeffers* addressed an alleged denial of counsel regarding only certain *issues,* whereas Petitioner herein has been denied counsel to challenge the *conviction.*[6]

Petitioner's first and only opportunity to appeal his conviction was in his first state habeas petition. The ability to pursue the post-conviction petition for writ of habeas corpus is granted as of right. Nev.Rev.Stat. § 34.724.[7] The state court, however, failed to appoint counsel. Therefore, Petitioner herein has *never* had a review on the merits of his challenge to the validity of his conviction and with the assistance of counsel. The United States Supreme Court's decision in *Douglas* made clear that the denial of counsel on the first appeal of a conviction, granted as of right, constitutes discrimination against certain convicted defendants on the basis of their poverty. Therefore, this court holds that Petitioner had the right to the appointment of counsel to assist him on his first post-conviction petition.

As discussed above, prejudice is presumed when an attorney's deficient performance results in an "actual or constructive denial of the assistance of counsel altogether." *Strickland, supra,* 466 U.S. at 692, 104 S.Ct. at 2067. In this case, Petitioner was *literally* denied the assistance of counsel altogether, despite his right under *Douglas.* Therefore, cause and prejudice is presumed.

### 2. *External Cause for Delay.*

Petitioner also claims that procedural default is excused because much of the delay is attributable to others. This court agrees. The record shows that Petitioner actively and consistently attempted to get his claims before the Nevada state courts. Although the petition was filed two and a half months after the one year deadline, much of the delay can be attributed to the state court and counsel. Petitioner filed several pro se motions after the public defender's office was discharged, yet he does not appear to have been given any notice of the hearings, at which the state was allowed to oppose his motions. Therefore, the hearings were conducted *ex parte.* Affidavits from the federal public defender indicate that Petitioner has never been transported to any court since his incarceration. It also does not appear that Petitioner received notice of the court's decisions once they were made. This may be attributable to the fact that the state public defender's office was erroneously allowed to appear for Petitioner after they had withdrawn from representing Petitioner. Respondents have not submitted any evidence

---

5. This rule has recently been codified at Nev.Rev. Stat. 177.015(4).

6. As noted in the procedural history, Petitioner asked for the appointment of substitute counsel, but the court never addressed the request.

7. N.R.S. § 34.724 states in relevant part:
 Any person convicted of a crime and under sentence of death or imprisonment who claims that the conviction was obtained, or that the sentence was imposed, in violation of the Constitution of the United States or the constitution or laws of this state, or who claims that the time he has served pursuant to the judgment of conviction has been improperly computed, may, without paying a filing fee, file a post-conviction petition for a writ of habeas corpus to obtain relief from the conviction or sentence or to challenge the computation of time that he has served.

to show that Petitioner did in fact have notice of the state court hearings or timely notice of the rulings. Therefore, cause and prejudice excusing Petitioner's procedural default may also be found on the grounds that much of the delay was caused by factors external to the defense; namely the state court and former counsel.

Petitioner has submitted sufficient evidence to show cause and prejudice excusing his procedural default of the first state habeas petition. The court shall therefore deny Respondents' motion to dismiss this action. Petitioner has indicated that he wishes to amend the instant federal petition to state additional claims. Petitioner shall therefore be given forty-five days in which to file an amended petition stating all known grounds for relief.

**IT IS, THEREFORE, HEREBY ORDERED** that Petitioner has shown cause and prejudice to excuse the procedural default of his first state habeas petition. Respondents' Motion to Dismiss this action (# 6) is therefore *DENIED* in its entirety.

**IT IS FURTHER ORDERED** that Petitioner shall have forty-five (45) days within which to amend the instant petition to state all known grounds for relief.