139 F.3d 905
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael D. JACOBS, Petitioner-Appellant,
v.
E.K. MCDANIEL, Warden; Frankie Sue Del Papa, Attorney
General, State of Nevada, Respondents-Appellees.
 No. 97-15427.
D.C. No. CV-95-00528-ECR.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the District of Nevada Edward C. Reed, Jr., District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 State prisoner Michael Jacobs appeals the dismissal of his collateral attack on his conviction for sale and possession of drugs, raising arguments identical to those he made below. We summarize and adopt the district court's reasoning:
 
 
 3
 1. Jacobs' claim that he was denied due process because the state habeas court refused to appoint counsel at the evidentiary hearing fails for lack of a right to counsel in state collateral proceedings. Jeffers v. Lewis, 68 F.3d 299 (9th Cir.1995).
 
 
 4
 2. Jacobs' claim that no rational trier of fact could have convicted him of sale and possession of drugs fails as the undercover officers testified that he did both. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 
 
 5
 3. Jacobs' complaint that the trial court failed to appoint counsel and counsel was ineffective for failing to consult with him before trial. Original appointed counsel did consult with him. The counsel who tried the case was substituted in two months before trial and Jacobs presents no evidence that the outcome would have been different had that counsel met with him. Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also United States v. Goudy, 792 F.2d 664, 672 (7th Cir.1986) (counsel's failure to meet with client in months immediately preceding trial does not amount to ineffective assistance absent a showing of prejudice).
 
 
 6
 4. Trial counsel was not ineffective for failing to call Lavica Gilbert as a witness since her testimony that Jacobs intended to sell a car rather than drugs would have been cumulative to the testimony of Rosa Morrison. Strickland, 466 U.S. at 686.
 
 
 7
 5. Trial counsel was not ineffective for failing to call for a mistrial after police scuffled with and arrested Jacobs' brother outside the courtroom. Counsel did present a motion for mistrial, which was denied in light of a jury poll which revealed that the only juror who had seen the incident was not aware that it was related to the trial.
 
 
 8
 6. Trial counsel was not ineffective for failing to request a continuance to allow Jacobs' brother to testify as he had already decided not to call him as a witness because he had not witnessed the crime and his testimony would not have been helpful. Strickland, 466 U.S. at 689.
 
 
 9
 7. Trial counsel was not ineffective for failing to request a jury instruction on the "procuring agent defense" and a cautionary instruction regarding accomplice testimony as both instructions would have contradicted Jacobs' theory of the case that he played no role in the crime and was an innocent bystander. Woratzeck v. Ricketts, 820 F.2d 1450, 1454 (9th Cir.1987).
 
 
 10
 8. Trial counsel was not ineffective for failing to prevent introduction of Jacobs' prior convictions to impeach his testimony as such evidence was admissible for that purpose. Nev.Rev.Stat. § 50 .095.
 
 
 11
 9. The trial judge did not intimidate witness Girells into testifying against Jacobs; he simply (and properly) stopped Girells' testimony and appointed counsel to advise Girells when he began referring to prior drug deals he had participated in.
 
 
 12
 10. Jacobs, who had prior felony convictions, was not denied equal protection of the laws by being sentenced more harshly than his codefendants.
 
 
 13
 11. Jacobs' direct appellate counsel was not ineffective for failing to raise the above meritless claims.
 
 
 14
 12. The district court, whose reasoning we have adopted, did not summarily deny the petition and thus did not abuse its discretion by doing so.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3